

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Rm. 7511
Washington, DC 20530

Tel: (202) 514-1673

September 1, 2022

VIA CM/ECF

Deborah S. Hunt
Clerk, United States Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 East Fifth Street
Cincinnati, Ohio 45202

     RE:   *Kentucky v. Biden*, No. 21-6147 (6th Cir.) (argued July 21, 2022)

Dear Ms. Hunt:

     We write in response to plaintiffs' letter concerning *Georgia v. President of the United States*, 2022 WL 3703822 (11th Cir. Aug. 26, 2022). The lead opinion in *Georgia*—the relevant part of which did not command a majority, *see id.* at *17 (Edmondson, J., concurring in the result), and thus lacks precedential force even in the Eleventh Circuit—is unpersuasive for several reasons.

     *First,* although the lead opinion rejects what it describes as the D.C. Circuit's "purpose-based approach" to the Procurement Act, *Georgia*, 2022 WL 3703822, at *10, the opinion focuses less on the statutory text than on what it conceives to be congressional purpose, *see id.* at *5-*8. As Judge Anderson's dissenting opinion explains (*id.* at *18), the Act's text broadly authorizes the President to "prescribe policies and directives that the President considers necessary to carry out this subtitle," 40 U.S.C. § 121(a). That is the grant of authority. Section 101's articulation of "[t]he purpose of this subtitle" simply constrains what "policies and directives" can reasonably be "consider[ed] necessary to carry out this subtitle," *id.* § 121(a). *Second*, the principal opinion was mistaken to invoke major-questions principles; those principles lack application where, for the reasons explained in our briefs, the President exercises a delegation of proprietary authority. *Third*, the opinion gave short shrift to the Executive and Judicial branches' longstanding interpretation of the Procurement Act—reflected in numerous executive orders, across Administrations of both

parties—and to Congress' choice to ratify that longstanding interpretation by reenacting the relevant provisions. The principal opinion is therefore unpersuasive.

Only one aspect of the principal opinion commanded a majority: In discussing the remedy, the court held that any injunction should be limited to contracts and solicitations involving the plaintiffs. *See Georgia*, 2022 WL 3703822, at *13-*17; *id.* at *18 (Anderson, J., concurring in part and dissenting in part). For the reasons described in our briefs, this Court should limit the injunction in the same manner even if it upholds the district court's merits analysis.

                              Sincerely,

                              s/ *David L. Peters*
                              David L. Peters
                              U.S. Department of Justice
                              Appellate Staff, Civil Division

cc (via CM/ECF): Counsel of Record